UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELVIN JOHNSON, ) | |
| ) | No. |
| Plaintiff, ) | |
| ) | Judge |
| v. ) | |
| ) | Magistrate Judge |
| Chicago Police Officers JOEL GORDILS #8451, ) | |
| EDUARDO ESCALANTE, #14888 and ) | |
| SARGENT JOHNNY SANTIAGO #1223, ) | Jury Demand |
| and the CITY OF CHICAGO. ) | |
| Defendants. ) | |

## COMPLAINT

1. Melvin Johnson was falsely arrested and subjected to excessive force by Chicago police officers after joining a spontaneous protest against police brutality, after Chicago police officers shot and killed Harith Augustus on the South Side of Chicago. The actions of the Chicago Police were in violation of Plaintiff's constitutional right to free speech and assembly and right to be free from unreasonable searches and seizures guaranteed by the First and Fourth Amendments to the U.S. Constitution. Plaintiff Johnson seeks just compensation for the pain and suffering, mental anguish, humiliation, loss of personal freedom, and other damages he suffered as a result of this violation of his rights.

### JURISDICTION AND VENUE

2. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 § 1983; the judicial code, 28 U.S.C. §§ 1331, 1343(a) and 1367; and the Constitution of the United States.

1

3. Venue is proper in this District under 28 U.S.C. 1391(b). The defendants reside in this judicial district and the events that are the basis of these claims occurred in this judicial district.

## PARTIES

4. Plaintiff Melvin Johnson is an African American resident of Chicago, Illinois.

5. Defendants were, at the time of this incident, duly appointed Chicago police officers. Defendants were on duty and acting within the scope of their employment with the City of Chicago at the time of this incident.

6. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois. It is the employer and principal of the Defendant Police Officers.

## FACTS

7. During the early summer of 2018, while the city of Chicago awaited the beginning of the murder trial of Jason Van Dyke, the Chicago police officer who killed African American teen Laquan McDonald, Chicago police officers shot and critically injured or killed multiple African American people, including,

a) Teenaged Maurice Granton Jr., who was shot in the back as he hopped a fence on June 6, 2018.

b) Kevon Purell, also a teenager, shot on his way to McDonald's to get dinner for his family on July 2, 2018.

c) Terrell Easton, shot ten times in the back on July 3, 2018;

8. Each of these incidents were met with public outrage and calls for accountability, and they led to increased tension in the city.

9. On July 14, 2018, the Chicago police shot and killed another African American man, Harith "Snoop" Augustus. Police shot him five times after stopping him for "exhibiting characteristics of an armed person." Augustus was beloved in his community as a friend, father, and barber.

10. On that date, shortly after Chicago police fatally shot Augustus, Plaintiff Melvin Johnson went to the Walgreens located at 2020 E. 71st street to get milk for his son.

11. When Plaintiff Johnson arrived he saw a gathering of people, including friends who informed him that the Chicago police had shot and killed Harith Augustus.

12. Plaintiff Johnson and Harith Augustus had been friends for over 10 years and considered each other family.

13. Plaintiff Johnson was distressed by this news and tried to acquire more information about the killing by talking to those who had gathered in spontaneous protest of Harith's killing and the continued brutality by Chicago police to people in his community..

14. As the number of people gathering to protest grew, numerous additional police officers arrived at the scene. Plaintiff was at the front of the group of protestors, near a line of police officers, including defendant officers.

15. As Plaintiff stood with the group of protestors facing police officers, Defendant Gordils reached toward Plaintiff to grab him.out of the crowd.

16. Defendant Gordils did not inform Plaintiff Johnson that he was under arrest at any time and in fact Mr. Johnson engaged in lawful First Amendment activity.

17. Defendant Gordils, with the assistance of Defendants Escalante and Santiago, grabbed at Plaintiff Johnson again, and pulled him from the crowd, causing Plaintiff and Officer Gordils to fall to the ground.

18. Defendant Officer Escalante, with assistance from Defendant Sargent Santiago, then grabbed Plaintiff Johnson, threw him to the ground, and placed him under arrest.

19. Plaintiff did not commit any unlawful act and was engaging in constitutionally protected activity.

20. At no point did Plaintiff make any physical action to resist or attempt to defeat his arrest.

21. During the encounter Defendant Officers grabbed Plaintiff Johnson, threw him to the ground, struck him in his head and back and/or failed to intervene to prevent these batteries.

22. Plaintiff suffered physical injury and pain as a result of Defendant Officers' unnecessary and excessive use of force, requiring him to seek medical attention.

23. Plaintiff was handcuffed, placed in a Chicago police vehicle and transported to the 3rd District Chicago Police Station, where he was held in police custody.

24. While in police custody, he was transported to Jackson Park Hospital, where he received medical treatment for the injuries he suffered at the hands of the police.

25. Defendants falsely and vindictively attempted to charge Plaintiff Johnson with felony aggravated battery of a police officer, however those charges were rejected by felony review.

26. Despite the felony review conclusion that Mr. Johnson lacked criminal intent, Defendants each signed a criminal complaint falsely charging Plaintiff Johnson with three state

law misdemeanor counts of resisting a peace officer. Defendant Gordils also signed a criminal complaint falsely charging Plaintiff with one state law count of misdemeanor battery.

27. Plaintiff Johnson was ultimately released after spending more than 36 hours in custody.

28. Plaintiff faced these false charges for over a year, requiring him to attend at least 10 court dates, to retain an attorney, and prepare for trial.

29. On September 4. 2019, all charges were dismissed and the case was terminated in Plaintiff Johnson's favor.

30. As a direct and proximate result of Defendants' actions and omissions, Plaintiff suffered and continues to suffer, *inter alia,* lost wages, physical pain and injury, bruising, emotional suffering and distress, humiliation, fear, dread as well as other injuries.

## COUNT I
## 42 U.S.C. § 1983 Claim for Excessive Force

31. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

32. Defendant Officers violated Plaintiff Johnson's rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from the use of excessive and unreasonable force by grabbing, pulling, and throwing the Plaintiff to the ground and striking him.

33. The unconstitutional actions of Defendant Officers were the direct and proximate cause of Plaintiff's physical injuries, pain and suffering, mental anguish and humiliation, and loss of personal freedom.

WHEREFORE, Plaintiff Johnson demands substantial actual or compensatory damages against Defendant Officers, because they acted maliciously, wantonly and/or oppressively;

punitive damages, plus the costs of this action, attorney's fees and such other relief as this Court deems equitable and just.

## COUNT II
### 42 U.S.C. § 1983 Claim for False Arrest

34. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

35. Defendants Gordils, Escalante, and Santiago acting individually, jointly, and/or in conspiracy, proximately and directly caused Plaintiff to be arrested without probable cause, thereby violating Plaintiff's rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable searches and seizures and to due process of law.

36. The unconstitutional actions of the Defendants were the direct and proximate cause of Plaintiff's pain and suffering, mental anguish and humiliation, and loss of personal freedom.

WHEREFORE, Plaintiff Johnson demands substantial actual or compensatory damages against Defendants Gordils, Escalante, and Santiago, because they acted maliciously, wantonly and/or oppressively; punitive damages, plus the costs of this action, attorney's fees and such other relief as this Court deems equitable and just.

## COUNT III
### 42 U.S.C. § 1983 Claim for Violation of his First Amendment Rights to Freedom of Speech and Assembly

37. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

38. Plaintiff was participating in lawful, constitutionally protected activity in the public way in the City of Chicago.

6

39. The actions of Defendants Gordils, Escalante, and Santiago, described above violated Plaintiff's rights to freedom of speech and assembly guaranteed by the First and Fourteenth Amendments to the United States Constitution, in that Plaintiff was abruptly prevented from further exercising his rights and suffered retaliation for having exercised his rights.

WHEREFORE, Plaintiff Johnson demands substantial actual or compensatory damages against Defendants Gordils, Escalante, and Santiago because they acted maliciously, wantonly and/or oppressively; punitive damages, plus the costs of this action, attorney's fees and such other relief as this Court deems equitable and just.

## COUNT IV
## State Law Claim for Malicious Prosecution

40. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

41. Defendants Gordils, Escalante, and Santiago, individually, jointly and/or in conspiracy, initiated and continued a malicious prosecution without probable cause against Plaintiff.

42. The prosecution of Plaintiff terminated in his favor.

43. The Defendant Officers' actions were committed in a willful and wanton manner.

44. The Defendants' actions directly and proximately caused injury and damage as set forth above.

WHEREFORE, Plaintiff Johnson demands substantial actual or compensatory damages against Defendants Gordils, Escalante, and Santiago, and because they acted maliciously, wantonly and/or oppressively, punitive damages, plus the costs of this action, attorney's fees and such other relief as this Court deems equitable and just.

## COUNT V
**State Law Claim for Intentional Infliction of Emotional Distress**

45. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

46. The conduct and actions of Defendants set forth above, were extreme and outrageous, were done intentionally, willfully and wantonly, and/or knowing that there was a high probability that their conduct would cause Plaintiff severe emotional distress as set forth above.

47. As a direct and proximate cause of the extreme and outrageous conduct of Defendants Gordils, Escalante, and Santiago, Plaintiff was injured and experienced severe emotional distress constituting intentional infliction of emotional distress under Illinois State law.

WHEREFORE, Plaintiff Johnson demands substantial actual or compensatory damages against Defendants Gordils, Escalante, and Santiago, plus the costs of this action, attorney's fees and such other relief as this Court deems equitable and just.

## COUNT VI
**State Law *Respondeat Superior* Claim**

48. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

49. Defendants Gordils, Escalante, and Santiago, were, at all times material to this complaint, employees of the Defendant City of Chicago, were acting within the scope of their employment; and their acts, which violated state law, are directly chargeable to the Defendant City under state law pursuant to *respondeat superior*.

WHEREFORE, Plaintiff Johnson demands judgment against the City of Chicago for any and all compensatory damages awarded on his state law claims, plus the costs of this action and whatever additional relief this Court deems equitable and just.

## COUNT VII
## 745 ILCS 10/9-102 Claim Against Defendant City of Chicago

50. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

51. The Defendant Officers committed the acts alleged above under color of law and in the scope of employment as employees of the City of Chicago.

WHEREFORE, pursuant to 745 ILCS 10/9-102, and otherwise pursuant to law, Plaintiff Johnson demands judgment against Defendant City of Chicago in the amount awarded to the Plaintiff against any and all Defendants as compensatory damages, attorney's fees, costs and interest, and for whatever additional relief this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts, pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment to the United States Constitution.

Dated: July 8, 2020

Respectfully Submitted,

 /s/ Christian Snow
Christian Snow
Brad J. Thomson
Janine Hoft
PEOPLE'S LAW OFFICE
1180 N. Milwaukee Ave.
Chicago, IL 60642
(773) 235-0070